IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                            Civ. No. 05-222 MV/DJS

$11,780.00 in U.S. Currency and
A 1999 Jeep Grand Cherokee,
VIN #1J4GW58S1XC521618,

    Defendants,

and

Edward Ortega and
Jose Luis Farias-Blanco,

    Claimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for Summary Judgment as to the Right, Title, and Interest of Jose Luis Farias-Blanco, filed January 26, 2006, **[Doc. No. 16]**.[1] In this *in rem* forfeiture action, the United States seeks forfeiture of $11,780.00 in cash and a 1999 Jeep Grand Cherokee ("Jeep") under 18 U.S.C. § 881(a)(6) as the proceeds of drug trafficking or as property used or intended to be used to facilitate a violation of the Controlled Substances Act. Jose Luis Farias-Blanco filed a claim to the Jeep and Rita Ortega

---

[1] While the United States has not filed a notice of completion of briefing as required by D.N.M.LR-Civ. 7.3(b), since over six months have passed since the filing of the motion the Court presumes that briefing is complete and that Claimant Farias-Blanco did not file a response to the motion. Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

filed a claim to both the cash and the Jeep.[2] Rita Ortega subsequently entered into a stipulation with the United States in which the United States agreed to return $2,500.00 to her and she agreed to forfeit all right title and interest in the remaining $9,280.00 and the Jeep. The United States now moves for summary judgment on all claims advanced by Jose Luis Farias-Blanco.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). There is no requirement that the moving party negate the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs.,*

---

[2] Edward Ortega, the legal owner of the Jeep, entered a plea agreement in which he agreed to forfeit both the currency and the Jeep and, consequently, did not file a claim in this matter.

*Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citations omitted).  Rather than "merely show there is some metaphysical doubt as to the material facts," the nonmoving party is required to "go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial."  *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998).  There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *See Anderson*, 477 U.S. at 248.   Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence."  *Kaus*, 985 F. Supp at 1281.

## **DISCUSSION**

The United States contends that it is entitled to summary judgment as a matter of law because Claimant Farias-Blanco does not have standing to challenge the forfeiture of the Jeep. Whether a claimant has standing is "the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  The question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.  *Baker v. Carr*, 369 U.S. 186, 204 (1962); *see also Sierra Club v. Morton*, 405 U.S. 727, 731 (1972) (a litigant must possess "a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy").  The burden of establishing standing to contest a forfeiture rests upon the claimant.  *Kadonsky v. United States*, 216 F.3d 499, 508 (5th Cir. 2000).  A claimant need not prove the merit of his underlying claim.  He must, however, be able to show at least a facially colorable interest in the proceedings

sufficient to satisfy the case-or-controversy requirement and the prudential considerations defining and limiting the role of the court. *Id.* (internal cites and quotations omitted).

Article III requires a showing of actual or threatened injury, causation by the challenged action, and redressability by the adjudication of the claim. *See Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982). In a forfeiture case, a claimant's Article III standing "turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy." *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003); *see also United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374-75 (5th Cir. 1986) (a claimant must show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement); *United States v. Fifteen Thousand Five Hundred Dollars ($15,500.00) United States Currency*, 558 F.2d 1359, 1361 (9th Cir.1977) (to contest a forfeiture, one must have an ownership or possessory interest in the *res*). An ownership interest "may be evidenced in a number of ways including showings of actual possession, control, title and financial stake." *One Lincoln Navigator 1998*, 328 F.3d at 1013 (quoting *United States v. One 1945 Douglas C-54 (DC-4) Aircraft*, 647 F.2d 864, 866 (8th Cir. 1981)).

It is undisputed that at all material times Eduardo Ortega was the registered owner of the Jeep. There is no evidence that Claimant Farias-Blanco ever had actual possession, control, title or a financial stake in the Jeep. It appears that Claimant Farias-Blanco asserts a claim to the Jeep solely on the basis that he was a co-conspirator with the legal owner of the Jeep. *See* Verified Claim of Jose Luis Farias-Blanco, filed March 23, 2005 [Doc. No. 5] ("Considering that undersigned is considered one of the co-conspirators (a liability is thus imposed on him), he is

entitled to be one of the claimants (if a liability is imposed, an asset has to be granted. Basic principle of ledger, business, and law.)"). The fact that Claimant Farias-Blanco was a co-conspirator with the lawful owner of the Jeep does not give Claimant Farias-Blanco an ownership interest in the Jeep as required to establish Article III standing to challenge the forfeiture of the Jeep. *See, e.g., United States v. $38,570*, 950 F.2d 1108, 112 (5th Cir. 1992) (bare assertion of ownership in the defendant property, without more, is inadequate to satisfy the case or controversy requirement).

Claimant has failed to demonstrate that he has Article III standing to challenge the forfeiture of the Jeep and the United States is entitled to summary judgment as a matter of law.

## CONCLUSION

**IT IS THEREFORE ORDERED** that United States' Motion for Summary Judgment as to the Right, Title, and Interest of Jose Luis Farias-Blanco, filed January 26, 2006, **[Doc. No. 16]** is hereby **GRANTED**. Judgment on Jose Luis Farias-Blanco's claim to any right, title and interest in Defendant 1999 Jeep Grand Cherokee, VIN #1J4GW58S1XC521618, will be entered in favor of the United States.

Dated this 5th day of February, 2007.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
   Stephen R. Kotz, Esq.

<u>Attorney for Claimant:</u>
     Jose Luis Farias-Blanco, *pro se*